UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDREW J.J. WOLF,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RANDY VALLEY; CORIZON HEALTH, INC.; and RONA SIEGERT,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00226-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　The only claims remaining in this prisoner civil rights action are Eighth Amendment claims of inadequate medical treatment. *See Init. Rev. Order*, Dkt. 12, (dismissing, for failure to state a claim upon which relief could be granted, Plaintiff's § 1983 failure-to-protect claims and state-law negligence claims arising from the alleged failure to protect). Now pending are three motions filed by Plaintiff.

　　　Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. *See* D. Idaho Loc. Civ. R. 7.1. Accordingly, the Court enters the following Order denying Plaintiff's motions.

1.      **Plaintiff's Motion for Extension of Time (Dkt. 31)**

Plaintiff requested an extension of time to file a reply in support of his Motion for Leave to Modify Standard Disclosure and Discovery Order. However, Plaintiff did not file a reply by March 3, 2022, the deadline for the requested extension. *See* Dkt. 31 at 2. Therefore, the Court will deny the Motion for Extension of Time as moot.

2.      **Plaintiff's Motion for Leave to Modify Standard Disclosure and Discovery Order (Dkt. 18)**

The Court previously issued its Standard Disclosure and Discovery Order, which applies to non-habeas civil actions filed by pro se prisoners. *See* Dkt. 11; General Order 343, *In Re: Adoption of a Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases* (D. Idaho). That Order provides for expanded mandatory disclosures and limited discovery requests. As the Court explained when it adopted the Standard Disclosure and Discovery Order,

> The new order is designed to make prisoner litigation more disclosure-oriented and less discovery-oriented, based on the Court's experience that defendants in prisoner lawsuits tend to hold a disproportionate share of the information and items relevant to a lawsuit and prisoners often propound discovery that is disproportionate to the needs of the case.

*Id*.

Plaintiff objects to the limitation on the number of permitted discovery requests—15 interrogatories, 10 requests for production, and 10 requests for

MEMORANDUM DECISION AND ORDER - 2

admission. *See* Dkt. 11 at 6–7; Dkt. 18 at 3. He also objects to the scope of the required disclosure and permitted discovery, arguing that he is entitled to disclosure and discovery with respect to his failure-to-protect claims that have already been dismissed. *See* Dkt. 18 at 3–4.

The Court is not persuaded. A scheduling or case management order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiff states that this case "will require" more discovery requests than those permitted by the Court's order, but he provides no facts to support that conclusion. In addition, Plaintiff is not entitled to disclosure or discovery on claims that have been dismissed.

The Court has broad discretion in managing its docket, including disclosure and discovery, and in enforcing its case management orders. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Plaintiff simply has not established good cause for the Court to modify the Standard Disclosure and Discovery Order issued in this case. Accordingly, the Court will deny the Motion for Leave to Modify.

### 3.    Plaintiff's Motion for Preliminary Injunction (Dkt. 19)

Finally, Plaintiff requests preliminary injunctive relief. He seeks a "mandatory preliminary injunction" requiring that the Defendants Siegert and Valley (the "IDOC Defendants") (1) "have plaintiff immediately scheduled to be

seen by the Ophthalmologist who treated him for his cataracts at Vison Question Medical Center," so the doctor can "examine, evaluate, and treat [Plaintiff's] eye injuries," and (2) "follow the recommended course of treatment that is given by the Ophthalmologist immediately without any further delay whatsoever."[1] *Mot. for Prelim. Inj.*, Dkt. 19, at 12.

### A. Standards of Law

A party may obtain injunctive relief prior to final judgment in limited circumstances. *See* Fed. R. Civ. P. 65. In considering a motion for a preliminary injunction, a district court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987).

To be entitled to preliminary injunctive relief, the moving party must establish that (1) the movant will suffer irreparable injury if the relief is denied; (2) the movant will probably prevail on the merits; (3) the balance of potential harm favors the movant; and (4) the public interest favors granting relief. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). In deciding whether to issue a preliminary injunction, the Court "is not bound to decide doubtful and difficult questions of

---

[1] Plaintiff does not seek a preliminary injunction as to Defendant Corizon. On October 1, 2021, the IDOC entered into a new contract, with a company called Centurion, for the provision of medical services to state prisoners. *Wolf Decl.*, Dkt. 19-1, ¶ 65. Corizon is no longer the entity providing medical treatment to Plaintiff.

MEMORANDUM DECISION AND ORDER - 4

law or disputed questions of fact." *Internat'l Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Industries, Inc. v. Tapewriter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

Generally, the purpose of preliminary injunctive relief is to preserve the status quo, but only if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions of the parties until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). "[B]ecause a preliminary injunction is an extraordinary remedy" and is "never awarded as of right," *Winter*, 555 U.S. at 24, the moving party's "right to relief must be clear and unequivocal," *Dominion Video Satellite v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001).

"Issuing a preliminary injunction based only on a *possibility* of irreparable harm" is inappropriate, as the Supreme Court has held that a preliminary injunction may be granted only "upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (emphasis added). "Speculative injury does not constitute irreparable injury" sufficient to warrant granting preliminary injunctive relief. *Goldie's Bookstore Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984). Instead, a plaintiff may obtain a preliminary injunction only where the plaintiff can "*demonstrate* immediate threatened injury." *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

MEMORANDUM DECISION AND ORDER - 5

There are two types of preliminary injunctions. A *prohibitory* injunction prohibits a party from taking an action and is intended to preserve the status quo. A *mandatory* injunction requires a party to act, "goes well beyond simply maintaining the status quo," and "is particularly disfavored." *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1320 (9th Cir. 1994) (internal quotation marks and alteration omitted). "[M]andatory injunctions are not granted *unless extreme or very serious damage will result*"; they cannot be issued "in doubtful cases or where the injury complained of is capable of compensation in damages." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (internal quotation marks omitted). A court may not issue a mandatory preliminary injunction unless "the facts and law *clearly* favor the moving party." *Stanley*, 13 F.3d at 1320 (emphasis added).

Plaintiff seeks a mandatory injunction against IDOC Defendants requiring them to treat Plaintiff's eye problems in a specific way, which includes referral to an ophthalmologist.

### B.     The Parties' Evidence[2]

Plaintiff's Eighth Amendment claims arise from the medical treatment he received after he was sprayed in the eyes with OC spray.

---

[2] Defendants submitted a supplemental affidavit in opposition to Plaintiff's motion on April 19, 2022. Because the Court concludes—based on the evidence initially submitted by the parties—that Plaintiff is not entitled to preliminary injunctive relief, it need not consider Defendant's supplemental evidence.

MEMORANDUM DECISION AND ORDER - 6

Plaintiff acknowledges that he "is not fully sure of his physical harm," but he states that he has "constant irritation in his eyes" and that "the only remedy he has been afforded is eye drops." *See Mot. for Prelim. Inj.* at 10. Plaintiff also speculates that he might suffer vision damage, "such as loss of sight in one or both eyes." *Id*.

The IDOC Defendants have submitted documentary evidence regarding Plaintiff recent eye treatment. On December 9, 2021, Plaintiff was examined by Dr. Brent Sexauer, an optometrist. *Aff. of Rona Siegert*, Dkt. 39-1, at ¶ 7; *Ex. D to Aff. of Counsel Peter Thomas*, Dkt. 39-6, at 2–3. Dr. Sexhauer determined that Plaintiff's eyes were not infected as a result of the OC spray but that they were dry. *Id*. at 3. The doctor recommended that Plaintiff continue to use artificial tears, which were initially prescribed after his cataract surgery, four times per day. *Id*. ("Eyes are dry and recommend using AT's qid routinely OU."). Dr. Sexauer did not identify any other problem with Plaintiff's eyes.

C. **Discussion**

The Court has carefully considered each *Winter* factor and concludes that the balance of the equities weighs against granting Plaintiff's requested relief.

    i. <u>Plaintiff Has Not Established that He Will Suffer Irreparable Injury if Relief Is Denied</u>

As an initial matter, the Court's previous determination that Plaintiff had sufficiently alleged imminent of danger of serious physical injury—for purposes of

the exception to in forma pauperis status set forth in the three-strikes provision of 28 U.S.C. § 1915(g)—does not automatically require preliminary injunctive relief. *See Mot. for Prelim. Inj.* at 5. Nor is it enough for Plaintiff to show a "genuine issue of material fact." *Id*. at 8. As set forth above, the legal standards for a preliminary injunction are different from—and stricter than—the standards for § 1915(g) or for summary judgment under Rule 56.

Plaintiff has failed to show that he will suffer irreparable harm if the Court were to deny his Motion for Preliminary Injunction. Plaintiff's evidence consists of his experience with dry, "irritated" eyes. Dr. Sexauer agreed that Plaintiff's eyes are dry, and Plaintiff is receiving eye drops to treat that dryness. Dr. Sexauer noted that Plaintiff's eyes were not infected and identified no other problems.

Suffering dry, irritated eyes is by no means pleasant. However, there is no evidence that any irreparable harm will occur, given that an optometrist examined Plaintiff and found no issues other than dryness, for which Plaintiff is currently being treated. Accordingly, the Court concludes that this factor weighs against granting preliminary injunctive relief.

  ii. <u>Plaintiff Is Not Likely to Prevail on the Merits of His Eighth Amendment Claims</u>

The Court has previously set forth the standards for Eighth Amendment claims of inadequate medical treatment. *See Init. Rev. Order* at 10–12, 23–25. The Court will not repeat those standards here, other than to note that prisoners

asserting such claims face an uphill battle, given that the legal standards are so difficult to meet.

Having considered all of the evidence in the record, the Court concludes that Plaintiff is unlikely to succeed on the merits of his medical treatment claims. The medical records show that medical personnel have identified only dryness as a problem with Plaintiff's eyes and that Plaintiff has received ongoing treatment for that problem. Thus, Plaintiff has not shown a likelihood that he can prove deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

      iii.    <u>The Balance of Potential Harm Does Not Weigh in Favor of Plaintiff</u>

Given that the record contains no evidence of any serious or ongoing harm to Plaintiff other than dry eyes—which many people experience on a daily basis—the Court concludes that the balance of harms weighs against preliminary injunctive relief.

      iv.    <u>The Public Interest Factor Is Neutral</u>

The public interest factor does not weigh in either party's favor. The public has an interest in ensuring both that inmates are provided adequate medical care and that public resources are not being used for unnecessary medical treatment.

v.    Conclusion

Having weighed the *Winter* factors, the Court concludes that Plaintiff's Motion for Preliminary Injunction should be denied.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Extension of Time (Dkt. 31) is DENIED AS MOOT.

2. Plaintiff's Motion for Leave to Modify Standard Disclosure and Discovery Order (Dkt. 18) is DENIED.

3. Plaintiff's Motion for Preliminary Injunction (Dkt. 19) is DENIED.

DATED: May 5, 2022

B. Lynn Winmill
U.S. District Court Judge